Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-131[1]

| | | |
|---|---|---|
| LUNA RESIDENTIAL II; LLC<br><br>Demandante-Recurrida<br><br>v.<br><br>DAVID GARCÍA MEDINA, CARMEN ISABEL ROIG FUERTES Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Demandados-Peticionarios | KLCE202300752 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV01621 (604)<br><br>SOBRE:<br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Cruz Hiraldo.

Juez Ponente, Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Comparece por la parte peticionaria, Sr. David García Medina, Sra. Carmen Isabel Roig Fuertes y la sociedad legal de bienes gananciales compuesta por ambos (en adelante, los demandados), para solicitarnos que se revise la *Resolución* emitida el 16 de mayo de 2023 y notificada el 17 de mayo de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual declaró No Ha Lugar a la moción de desestimación.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

I

El 7 de marzo de 2022, Luna Residential II LLC (en adelante, "Luna") instó una *Demanda* por cobro de dinero y ejecución de

---

[1] Mediante la Orden Administrativa OATA-2023-131 se designa al Hon. Joel A. Cruz Hiraldo en sustitución de la Hon. Camille Rivera Pérez.

Número Identificador

RES2023 _____

hipoteca en contra de David García Medina, Carmen Isabel Roig Fuertes y la sociedad legal de bienes gananciales compuesta por ambos. Alegaron que, el 30 de julio de 2010, los demandados constituyeron y emitieron un pagaré hipotecario por la suma de $801,000.00, cuya deuda no han pagado desde el 1 de julio de 2014. Como tenedor del pagaré y acreedor hipotecario, Luna solicitó que se ordenara el pago de la cantidad adeudada, junto a los intereses, cargos adicionales, costas y honorarios de abogados, o, en la alternativa, se procediera con la ejecución de la hipoteca.

Acaecidos varios trámites procesales, el 11 de octubre de 2022, los demandados presentaron una *Moción Solicitando la Desestimación de la Demanda con Perjuicio al Amparo de la Regla 39.2(b) de Procedimiento Civil y por esta ser Cosa Juzgada.* En apretada síntesis, los demandados arguyeron que Luna estaba impedida de presentar la *Demanda* por existir una previa desestimación con perjuicio por inactividad al amparo de la Regla 39.2(b) de Procedimiento Civil[2] en el caso K CD2015-0198 y, por tanto, constituir cosa juzgada.

El 18 de octubre de 2022, Luna presentó su oposición a la solicitud de desestimación. Indicó que en el caso K CD2015-0198 hubo error en las notificaciones de los procedimientos al haberse eliminado al demandante del registro de notificaciones y que ello convirtió en nulas e inoficiosas las órdenes y sentencia dictada, por lo que no surtió efecto legal alguno. Además, señaló que, en dicho caso, Luna había comparecido y solicitado los correspondientes remedios al Tribunal. Por último, le solicitó al foro *a quo* del caso de epígrafe que detuviera su determinación hasta que la sala del caso K CD2015-0198 corrigiera el error procesal en la notificación y

---

[2] 32 LPRA Ap. V, R. 39.2(b).

actuara conforme a los remedios solicitados, entre ellos el desistimiento voluntario.

Pasado varios trámites procesales, el 10 de noviembre de 2022, notificada el 17 de noviembre de 2022, el Tribunal de Primera Instancia emitió una *Orden* en la cual determinó, en lo pertinente, que, recibido los escritos de las partes, procedería a resolver cuando estimara oportuno. El 17 de febrero de 2023, Luna presentó una *Moción Informativa* en la cual avisó que, en base a la falta de debida notificación, el Foro de Instancia en el caso K CD2015-0198 dejó sin efecto la orden de desestimación y acogió la solicitud de dar por desistido el litigio sin perjuicio, entre otras cosas.

Así las cosas, el 16 de mayo de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* donde declaró No Ha Lugar a la solicitud de desestimación presentada por los demandados, ahora peticionarios. El foro *a quo* razonó que, debido a lo ocurrido en el caso K CD2015-0198, la *Sentencia* que dio Ha Lugar al desistimiento voluntario fue sin perjuicio y no constituye cosa juzgada debido a que se trata de un primer desistimiento. En adición, la sentencia de desestimación con perjuicio en el referido caso se dejó sin efecto por el mismo Tribunal a causa de los defectos en notificación, por lo que se debe dar por no puesta y no puede producir el efecto de una adjudicación en los méritos. Por tanto, el foro *a quo* concluyó que Luna estaba habilitado para presentar el pleito de epígrafe y no procedía la desestimación.

El 1 de junio de 2023, los demandados presentaron una *Moción en Solicitud de Reconsideración*. El foro *a quo* declaró No Ha Lugar a la solicitud de reconsideración mediante *Resolución* emitida el 5 de junio de 2023, notificada al día siguiente. Inconforme, el 5 de julio de 2023, los demandados presentaron el auto de *certiorari* ante nos con los siguientes señalamientos de error:

**ERR[Ó]** [EL] TPI, AL NO ORDENARLE REPLICAR A LA PARTE DEMANDANTE, NI DECIDIR (RESOLVER) EL ASUNTO SOBRE SU FALTA DE JURISDICCIÓN <u>DESDE QUE LOS DEMANDADOS, POR DERECHO PROPIO, LO MENCIONARON</u> "QUE LA MISMA DEMANDA HABÍA SIDO DESESTIMADA ANTERIORMENTE: <u>CUANDO RADICARON OPOSICIÓN A LA ANOTACIÓN DE REBELDÍA Y SENTENCIA</u>.

**ERR[Ó]** EL TPI AL NO RESOLVER Y DESESTIMAR CUANDO LOS DEMANDADOS SOLICITARON <u>DESESTIMACIÓN Y EL CASO QUED[Ó] SOMETIDO</u> PARA DISPOSICIÓN, CONFORME A DERECHO, <u>DESDE EL 15 DE AGOSTO DE 2022</u>.

**ERR[Ó]** AL NO RESOLVER LA <u>MOCIÓN SOLICITANDO DESESTIMACIÓN AL AMPARO DE LA REGLA 39.2 B DE LAS DE PROCEDIMIENTO CIVIL POR COSA JUZGADA PRESENTADA EL 11 DE OCTUBRE DE 2022</u>.

**ERR[Ó]** AL PERMITIR LITIGACIÓN ATROPELLADA DE UNA DEMANDA <u>QUE[,] DE SU FAZ, ADOLECEN DE ALEGACIONES BÁSICAS Y NO CUMPLEN CON LAS REGLAS</u>. NO SURGE FECHA DE INCUMPLIMIENTO. LAS MENCIONES DE DOCUMENTOS QUE DATAN DE FECHAS REMOTAS Y FALTA FECHAS IMPORTANTES, ANUNCIAN PRESCRIPCIÓN. **La** [sic] **demanda** [sic] **NO CONTIENE RENUNCIA A INTERESES COBRADOS EN EXCESO (USURA** [sic]**.**

**ERR[Ó]** AL PERMITIR QUE DURANTE LA MOCIÓN SOLICITANDO ANOTACIÓN DE REBELDÍA, SE INTENTARA "ENMENDAR" ALEGACIONES EN LA DEMANDA, QUE AL VERLAS CONSIGNADAS EN LA DECLARACIÓN JURADA <u>DE UN ABOGADO DE LUNA, TEN[Í]A QUE PROHIBIRLAS Y ORDENAR EMPLAZAR NUEVAMENTE</u>.

**ERR[Ó]** AL PERMITIR ASUNTOS LITIGIOSOS CIVILES, MOCIONES PRECIPITANDO RESOLUCIÓN DEL CASO, EN REBELDÍA; AL NO CONSIGNAR EN MINUTA, LOS EXHIBITS, LAS DETERMINACIONES SOBRE LO DECLARADO POR EL EMPLAZADOR Y LAS ARGUMENTACIONES DURANTE LA VISTA CELEBRADA EL 30 DE AGOSTO, IMPUGNANDO EL PROCEDIMIENTO CONDUCENTE AL EMPLAZAMIENTO POR EDICTO.

**ERR[Ó]** AL NO DESESTIMAR LA DEMANDA AL TRANSCURRIR LOS 120 DÍAS SIN EMPLAZAR A LOS DEMANDADOS.

**ERR[Ó]** AL PERMITIR LA LITIGACIÓN DE ASUNTOS LITIGIOSOS SOBRE <u>MEDIACIÓN COMPULSORIA</u> SIN COMENZAR CON LOS PROCESOS DE OTRAS REGLAS Y ESTANDO SOMETIDA LA DESESTIMACIÓN.

**ERR[Ó]** IGUAL AL PERMITIR LITIGAR, [sic] EL ASUNTO SOBRE "<u>LA REPRESENTACIÓN H[Í]BRIDA</u>" QUE ES UNA RECUSACIÓN/DESCALIFICACIÓN <u>CAPRICHOSA, ESTRATÉGICA</u> DE UNA PARTE, <u>VEDADO EN LA DOCTRINA SOBRE RECUSACIÓN</u>. ADEMÁS, DE LOS AUTOS NO SURGE UN ÁPICE DE NINGUNO DE LOS CRITERIOS PARA ELLO. SIENDO ELLO[,] ADEMÁS,

**CONTRARIO AL PROPÓSITO DE BRINDAR** *ACCESO A LA JUSTICIA* **(QUE PERMEA LA REGLAMENTACIÓN Y PROGRAMAS DE LA RAMA JUDICIAL** *(QUE PROMUEVE LA REPRESENTACIÓN PRO SE.* [sic] **DE LOS AUTOS NO SE DABAN ELEMENTOS, NI LOS ESCENARIOS PARA TAN SIQUIERA PENSAR COMENZAR EL PROCESO DE RECUSAR A UN ABOGADO, PARTE DEMANDADA, NI PROHIBIRLE A DOS LITIGANTES DEFENDERSE PRO SE.**

**ERR[Ó]** AL PERMITIR TODO LO ANTERIOR PARA DILATAR Y NO SANCIONAR LA TEMERIDAD AL <u>NO ACEPTAR,</u> LA NATURALEZA DE COSA JUZGADA AL MOMENTO DE RADICAR, A TRAVÉS DE LU[N]A, UN TERCERO, LUEGO DE LA DESESTIMACIÓN POR ABANDONO OCURRIDA EN EL CASO <u>2015</u>.

**ERR[Ó] AL NO RESOLVER SOBRE SU JURISDICCIÓN SOBRE LAS PARTES Y LA CAUSA DE ACCIÓN CUANDO LA NORMA REQUIERE QUE EL TRIBUNAL EXAMINE DETENIDAMENTE <u>LA DEMANDA TAL Y COMO REDACTADA</u>, LAS PARTES, LA CALIDAD EN QUE LO SON. AL MOMENTO DE LA RADICACIÓN LA SECRETARIA DE RADICACIÓN <u>NOTIFIC[Ó] ERROR AL IDENTIFICAR A LOS PARTICIPANTES</u>.** La doctrina establece que el TPI tiene la obligación sobre su jurisdicción y las <u>**ALEGACIONES SOBRE TITULARIDAD, CAPACIDAD, REQUISITOS BÁSICOS PARA CONCEDER UN REMEDIO.**</u>

**<u>Erró</u>** el Honorable Tribunal al no resolver la **<u>Moción de Desestimación</u> oportunamente y permitido un extravío de la justicia de tal magnitud luego del paso de tanto tiempo.**

**ERR[Ó]** M[Á]S A[Ú]N, **al no haber tratado el caso, la Demanda, <u>como un caso en donde han ocurrido cierres de Bancos, fusiones, venta de activos, compras de activos,</u>** *<u>cesiones de intereses, cesiones de crédito</u>***.** Los autos del caso revelan Moción tras otra, sin sentido ni coherencia jurídica para una **acción de cobro y ejecución de hipoteca**.

**<u>ERRÓ</u>** EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA POR HABER VALIDADO LOS PROCESOS AQUELLOS **"COMO SI EN NUESTRO ORDENAMIENTO SE PERMITIERA ALGO ASÍ COMO "FULL FAITH AND CREDIT" ENTRE SALAS HERMANAS, COMO SI NUNCA HUBIERE EXISTIDO UNA SENTENCIA FINAL EN PLENO EFECTO Y VIGOR. SE TENIA** [sic] **QUE PERCATAR QUE NO PROCEDÍA EL RELEVO AL HABER TRANSCURRIDO MAS DE 6 MESES <u>(REGLA 49.2)</u> Y NO HABER RADICADO <u>UN PLEITO APARTE SOBRE NULIDAD COMO DISPONE LA DOCTRINA</u>.**

**ERR[Ó] EL TPI AL CONCEDERLE STANDING A SANTANDER FINANCIAL QUE NUNCA HA SIDO PARTE CON STANDING EN ESTE CASO Y MENOS PERMITIR "EXTRAPOLARA"** [sic] **UNA LITIGACIÓN Y SU RESULTADO AL PRESENTE CASO.**

**<u>ERRÓ</u>** EL T[P]I AL NO EXIGIR Y A LA VEZ VALIDAR LA <u>MOCIÓN ASUMIENDO REPRESENTACIÓN LEGAL,</u> SOBRE NULIDAD DE SENTENCIA DICTADA Y EN **<u>SOLICITUD DE SENTENCIA DE DESISTIMIENTO VOLUNTARIO SOMETIDA POR SANTANDER FINANCIAL</u>** SIN

RECONOCER QUE EL TRIBUNAL CARECÍA DE JURISDICCIÓN POR EXISTIR UNA **SENTENCIA FINAL Y FIRME DICTADA EN EXCESO DE SEIS MESES Y POR SER COSA JUZGADA[.]**

**ERRÓ** EL TRIBUNAL DE PRIMERA INSTANCIA AL DARLE PESO A UNA **"MOCIÓN URGENTE EN SOLICITUD DE REMEDIOS"** SOMETIDA POR LUNA RESIDENTIAL, ANTE OTRA SALA (504) A PESAR DE QUE EL TRIBUNAL **CARECÍA DE JURISDICCIÓN POR EXISTIR UNA SENTENCIA FINAL Y FIRME DICTADA EN EXCESO DE SEIS MESES Y POR SER COSA JUZGADA Y ESTAR EN PLENO EFECTO Y VIGOR**.

**ERRÓ** EL TPI AL VALIDAR UNA SENTENCIA DE **DESISTIMIENTO SIN PERJUICIO,** A PESAR DE QUE CARECÍA DE JURISDICCIÓN POR EXISTIR UNA SENTENCIA FINAL Y FIRME DICTADA EN EXCESO DE LOS SEIS MESES Y POR SER COSA JUZGADA. ADEMÁS, DICHA SENTENCIA ES CONTRARIA A DERECHO.

**ERRÓ** EL TPI AL VALIDAR **UNA RESOLUCIÓN DE OTRO CASO** QUE ORDENA [sic] SE ELIMINE DEL REGISTRO DE NOTIFICACIONES A FIRSTBANK, QUE SE INCLUYA A SANTANDER FINANCIAL Y A LUNA RESIDENTIAL Y SE ADMITA AL LCDO. RIVERA MEDINA COMO ABOGADO DE SANTANDER FINANCIAL EN OTRO CASO **COMO SI TUVIERA DICHA AUTORIDAD EXCEDIÉNDOSE CUANDO NO TEN[Í]A NADA QUE VER Y NO HABÍA REVISADO** EL EXPEDIENTE, NI EL TRACTO DE LAS NOTIFICACIONES A LAS PARTES Y ABOGADOS.

**ERRÓ** EL TPI [sic] VALIDAR EN SU SENTENCIA "QUE NO SE HABÍA NOTIFICADO A LAS PARTES DE AQUEL CASO, CUANDO **NI LUNA RESIDENTIAL NI SANTANDER FINANCIAL ERAN PARTES EN EL CASO Y CARECÍAN DE LEGITIMACIÓN ACTIVA (STANDING)**.[3]

Habiendo comparecido las partes y presentado sus escritos, damos por perfeccionado el recurso ante nos y procedemos a exponer el derecho aplicable.

II

**A. *Certiorari***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[4] La Regla 52.1 de Procedimiento Civil[5] establece los preceptos que regulan la

---

[3] Los señalamientos de error fueron transcritos tal como se presentaron en el recurso, salvo pequeñas correcciones bajo corchetes "[]".
[4] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[5] 32 LPRA Ap. V, R. 52.1.

expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia.[6] En lo pertinente, la Regla 52.1[7] dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.[8]

La discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera.[9] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[10] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[11] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que

---

[6] *Id.*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019).
[7] 32 LPRA Ap. V, R. 52.1
[8] *Id.*
[9] *Torres González v. Zaragosa Meléndez*, 211 DPR ___ (2023); *Mun. Caguas v. JRO Construction, supra*, 712; *IG Builders et al. v. BBVAPR, supra*, 338.
[10] *Id.*
[11] 4 LPRA Ap. XXII-B, R. 40.

debe considerar al determinar si procede o no expedir un auto de *certiorari*.[12] La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso.[13] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[14] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso

---

[12] *Torres González v. Zaragosa Meléndez, supra*; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339.
[13] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[14] *Id.*

abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[15]

### III

En el recurso ante nuestra consideración, los peticionarios presentaron veinte (20) señalamientos de error. Luego de un estudio concienzudo, resultó claro que gran parte de los señalamientos son sobre cuestiones no contempladas en la *Resolución* de la cual se recurre. Varios de los errores señalados versan sobre asuntos del caso K CD2015-0198, cuyas cuestiones ya han sido adjudicados mediante *Sentencia* final y firme de este Tribunal de Apelaciones en el caso KLAN202300275.[16] En adición a lo anterior, se cuestiona procesos ya adjudicados en el caso de epígrafe y se ataca al manejo del caso por el Tribunal de Primera Instancia. No obstante, los peticionarios no presentaron el remedio adecuado de manera oportuna, por lo que no corresponde atenderlos en el presente recurso.

Los remanentes señalamientos de error que sí están contemplados en la *Resolución* recurrida simplemente no activan ninguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones[17]. En adición, no se demostró que el foro *a quo* haya actuado con prejuicio o parcialidad, haya abusado de su discreción o cometido algún error en su interpretación o aplicación del derecho sustantivo aplicable. En ausencia de algún criterio o elemento que amerite la intervención de este foro intermedio, no procede ejercer nuestra función revisora y, en su consecuencia, tampoco la expedición discrecional del presente auto de *certiorari.*

---

[15] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).
[16] Hacemos constar que la *Sentencia* en el recurso KLAN202300275 fue dictada posterior a la presentación del presente recurso. De igual modo, no es objeto de la *Resolución* recurrida.
[17] 4 LPRA Ap. XXII-B, R. 40.

IV

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones